11-340-ag
Makosso v. Holder

BIA
Bukszpan, IJ
A098 273 526

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of July, two thousand twelve.

PRESENT:
      RICHARD C. WESLEY,
      RAYMOND J. LOHIER, JR.,
      SUSAN L. CARNEY,
         *Circuit Judges.*

_____

JOSEPH MAKOSSO,
      *Petitioner*,

      v.                      11-340-ag
                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Joseph Makosso, *pro se*, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; S. Nicole Nardone, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Joseph Makosso, who claims to be a native and citizen of Congo, seeks review of the December 30, 2010 decision of the BIA affirming the January 29, 2009 decision of an Immigration Judge ("IJ"), pretermitting his application for asylum as untimely and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT").  *In re Joseph Makosso*, No. A098 273 526 (B.I.A. Dec. 30, 2010), *aff'g* No. A098 273 526 (Immig. Ct. N.Y. City Jan 29, 2009).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we lack jurisdiction to review the agency's decision insofar as it pretermitted Makosso's untimely asylum application.  *See* 8 U.S.C. § 1158(a)(3).  We may, however, review Makosso's challenges to the agency's denial of withholding of removal and CAT relief.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of

2

completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 380 (2d Cir. 2007).  In pre-REAL ID Act cases, such as this one, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole.  *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (internal quotation marks omitted), *superseded by statute*, Pub. L. No. 109-113, 119 Stat. 231, *as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).

We conclude that substantial evidence supports the agency's determination that Makosso was not credible.  In making this determination, the agency reasonably relied in part on Makosso's vague, incoherent, and non-responsive demeanor when testifying.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  The agency's demeanor finding was further supported by specific examples of contradictory statements and implausible testimony.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).  For

3

example, as the agency noted, Makosso asserted in his asylum application that in November 1997, he and his family members were tied up and beaten during a militia attack on their house, but he later testified that he had fled the house prior to the attack and thus did not suffer any harm. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402-03 (2d Cir. 2006) (noting significant discrepancies between petitioner's asylum application and his later testimony as basis for adverse credibility finding). Accordingly, we discern no error in the agency's denial on credibility grounds of Makosso's applications for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any pending motion for a stay of removal and petitioner's motion for "petition for asylum" are DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4